UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES RAY PENNY,

        Petitioner,                              Case Number: 05-70147

v.                                               HON. GEORGE CARAM STEEH

RAYMOND BOOKER,

        Respondent.
_____/

## OPINION AND ORDER DISMISSING PETITION
## FOR WRIT OF HABEAS CORPUS

Petitioner James Ray Penny has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner, who is incarcerated at the Ryan Correctional Facility in Detroit, Michigan, challenges his 1983 manslaughter conviction.  Respondent has filed a Motion for Summary Judgment on the ground that the petition was not timely filed.  The Court declines to address Respondent's Motion for Summary Judgment and, instead, *sua sponte*, raises the question of mootness.  Berger v. Cuyahoga County Bar Ass'n, 983 F.2d 718, 721 (6th Cir. 1993) (holding that a court may *sua sponte* raise the issue of mootness).  Because Petitioner fails to satisfy the "in custody" requirement of 28 U.S.C. § 2254(a), the Court shall dismiss the petition for lack of jurisdiction.

A federal district court has jurisdiction to entertain petitions for habeas corpus relief only from petitioners who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  The Supreme Court has interpreted

the "in custody" language to require that "the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989).

Petitioner is currently incarcerated pursuant to a 1992 second-degree murder conviction. In his habeas corpus petition, Petitioner challenges a 1983 manslaughter conviction. The sentence for that conviction expired on February 1, 1991. Thus, at the time he filed the pending habeas corpus petition, Petitioner was no longer serving his sentence of imprisonment for the manslaughter conviction. Therefore, he was not "in custody pursuant to the judgment of a State court" at the time he filed his habeas petition. Id. at 492. A petitioner may indirectly challenge a prior conviction by challenging a sentence for which he is currently in custody, as enhanced by an allegedly invalid prior conviction. Lackawanna County District Attorney v. Coss, Jr., 532 U.S. 394, 401-02 (2001), *citing* Maleng v. Cook, 490 U.S. 488 (1989). In this case, however, Petitioner does not allege that his 1992 second-degree murder conviction was improperly enhanced by his allegedly unconstitutional 1983 manslaughter conviction. Accordingly, Petitioner fails to satisfy the "in custody" requirement and this Court lacks jurisdiction over the pending petition.

For the foregoing reasons, this Court determines that it lacks jurisdiction over the instant habeas corpus petition. Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED** for lack of jurisdiction.

        s/George Caram Steeh
        GEORGE CARAM STEEH
        UNITED STATES DISTRICT JUDGE

Dated: September 6, 2005

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on September 6, 2005, by electronic and/or ordinary mail.

        s/Josephine Chaffee
        Secretary/Deputy Clerk