# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JAMES RAY PENNY,

        Petitioner,               Case Number: 05-CV-70147

v.                                     HON. GEORGE CARAM STEEH

RAYMOND BOOKER,

        Respondent.

_____/

## OPINION AND ORDER DENYING PETITIONER'S
## PETITION FOR REHEARING AND RECONSIDERATION

Petitioner James Ray Penny filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his 1983 manslaughter conviction. The Court dismissed the petition for lack of jurisdiction because Petitioner failed to satisfy the "in custody" requirement of 28 U.S.C. § 2254(a). Now before the Court is Petitioner's Petitioner for Rehearing and Reconsideration.

Motions for reconsideration may be granted when the moving party shows (1) a "palpable defect," (2) by which the court and the parties were misled, and (3) the correction of which will result in a different disposition of the case. E.D. Mich. L.R. 7.1(g)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." Olson v. The Home Depot, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004) (Gadola, J.).

The Court dismissed the petition because Petitioner failed to satisfy § 2254(a)'s "in

custody" requirement. A federal district court has jurisdiction to entertain petitions for habeas corpus relief only from petitioners who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Supreme Court has interpreted the "in custody" language to require that "the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989). In his petition, Petitioner stated that he was challenging his 1983 conviction for manslaughter. The sentence for that conviction expired on February 1, 1991. Thus, at the time he filed the pending habeas corpus petition, Petitioner was no longer serving his sentence of imprisonment for the manslaughter conviction. Therefore, he was not "in custody" pursuant to that conviction. Id. at 492.

In his Motion for Rehearing and Reconsideration, Petitioner states that he is actually challenging his 1992 second-degree murder conviction, for which he is currently incarcerated, as improperly enhanced by the 1983 conviction. That allegation was not made in his petition. Therefore, the Court's decision dismissing the conviction was not based upon a palpable defect.

Moreover, even assuming that the petition did challenge the 1992 conviction, the Court lacked jurisdiction over the petition. Petitioner previously filed a habeas petition challenging the 1992 conviction. That petition was denied on the merits. Penny v. Burke, No. 96-CV-10442-BC (E.D. Mich. Oct. 15, 1997). Before a petitioner may file a second or successive petition challenging a conviction already challenged in a federal

habeas petition, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3)(A). Petitioner has not obtained authorization from the Court of Appeals to file a successive petition.

Therefore, the Court concludes that its decision dismissing the petition for a writ of habeas corpus was not based upon a palpable defect.

According, Petitioner's Petition for Rehearing and Reconsideration is **DENIED**.

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated:  March 13, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on March 13, 2006, by electronic and/or ordinary mail.

S/Josephine Chaffee
Secretary/Deputy Clerk