# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JAMES RAY PENNY,

        Petitioner,        Case Number: 05-70147

v.        HON. GEORGE CARAM STEEH

RAYMOND BOOKER,

        Respondent.
_____/

## OPINION AND ORDER DENYING MOTION
## FOR CERTIFICATE OF APPEALABILITY

Petitioner James Ray Penny filed a *pro se* petition for a writ of habeas corpus. On September 6, 2005, the Court issued an opinion and order dismissing the petition because Petitioner failed to satisfy the "in custody" requirement of 28 U.S.C. § 2254(a). Petitioner now seeks a certificate of appealability. For the reasons stated below, Petitioner's Motion for Certificate of Appealability is denied.

An appeal from the district court's denial of a petition for a writ of habeas corpus may not be taken unless a certificate of appealability is issued either by a circuit court or district court judge. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); In re Certificates of Appealability, 106 F.3d 1306, 1307 (6th Cir. 1997). A district court is to set forth, in its order, all of the issues that the petitioner raised in the habeas petition and identify those issues, if any, that the district court is certifying for appeal. Id., 106 F.3d at 1307.

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). When a prisoner's habeas corpus petition was denied on procedural grounds, a certificate of appealability "should issue . . . if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In his habeas corpus petition, Petitioner challenged a 1983 manslaughter conviction. The sentence for that conviction expired on February 1, 1991. Thus, at the time he filed his habeas corpus petition, Petitioner was no longer serving his sentence of imprisonment for the manslaughter conviction. Therefore, he was not "in custody pursuant to the judgment of a State court" at the time he filed his habeas petition. Maleng v. Cook, 490 U.S. 488, 492 (1989). Moreover, to the extent that Petitioner was attempting to challenge the 1992 conviction pursuant to which he is currently incarcerated, the Court held that it lacked jurisdiction over the petition. Petitioner previously filed a habeas petition challenging the 1992 conviction. That petition was denied on the merits. Penny v. Burke, No. 96-CV-10442-BC (E.D. Mich. Oct. 15, 1997). Before a petitioner may file a second or successive petition challenging a conviction already challenged in a federal habeas petition, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Petitioner did not obtain authorization from the Court of Appeals to file a

successive petition.

The Court finds that jurists of reason would not find the Court's determination that Petitioner failed to satisfy the "in custody requirement" to be debatable or wrong.  *See* Slack, 529 U.S. at 484.  Therefore, Petitioner has failed to show that he is entitled to a certificate of appealability.

Accordingly, for the foregoing reasons, **IT IS ORDERED** that Petitioner's Motion for Certificate of Appealability is **DENIED**.

Dated:  July 12, 2006

                                                S/George Caram Steeh
                                                GEORGE CARAM STEEH
                                                UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 12, 2006, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk